UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 15-mj-312(5) (BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **ORDER OF DETENTION** |
| ) | |
| v. ) | |
| ) | |
| HANAD MUSTAFE MUSSE, ) | |
| ) | |
| Defendant. ) | |

This matter came before the Court on Thursday, April 23, 2015 for a preliminary and detention hearing. The United States was represented by Assistant U.S. Attorneys John Docherty and Charles J. Kovats, Jr. The defendant was present and represented by Andrew Birrell,, Esq. The government called Special Agent Harry Samit of the Federal Bureau of Investigation as a witness. The issue of detention was also the subject of proffers presented by both the government and the defendant.

The defendant is charged in Count One of a criminal complaint with Conspiring to Provide Material Support to a Designated Foreign Terrorist Organization (the Islamic State in Iraq and the Levant, or "ISIL") in violation of Title 18, United States Code, Section 2339B(a)(1), and in Count Two of that Complaint with Attempting to Provide Material Support to a Designated Foreign Terrorist Organization, ISIL, also in violation of Title 18, United States Code, Section 2339B(a)(1). The Court found probable cause existed to bind the matter over to District Court for further proceedings.

At the hearing, the Court had a report from United States Probation and Pretrial Services recommending the defendant be detained pending trial both because the defendant presented a risk of flight, and because the defendant posed a danger to the community. After consideration of that report, the evidence introduced at the April 23, 2015 hearing, the arguments of counsel, and the entire record of this case, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any person or the community if the defendant is released pending trial. The Court also finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance at future court appearances if he is released pending trial. The Court therefore grants the government's motion for detention.

## FINDINGS OF FACT

1.   The defendant is presently charged in Count One of a criminal complaint with Conspiring to Provide Material Support to a Designated Foreign Terrorist Organization, ISIL, and in Count Two of that complaint with Attempting to Provide Material Support to a Designated Foreign Terrorist Organization, ISIL.

2.   The facts alleged in that complaint and testified to by Special Agent Samit include that: (a) the defendant traveled to New York City's John F. Kennedy International Airport ("JFK") and on November 8, 2014, attempted to fly from JFK to Athens, Greece; (b) the defendant participated with others in planning to travel to San Diego, where he would buy a forged passport, cross the U.S. – Mexican border, and

make his way to Syria from Mexico, and (c) the defendant decided against this plan after he was confronted by his father.

## CONCLUSIONS OF LAW

Based on these facts, the Court draws the following Conclusions of Law:

1. The charges in the complaint against the defendant, Conspiring to Provide Material Support to a Designated Foreign Terrorist Organization (ISIL), and Attempting to Provide Material Support to a Designated Foreign Terrorist Organization (ISIL) are supported by probable cause.

2. In this case, the defendant is charged with violating Title 18, United States Code, 2339B(a)(1). Accordingly, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(C).

3. In a rebuttable presumption case, the defendant has the "burden of production . . . to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Here, the defendant has come forward with rebuttal evidence—for example, the lack of any prior criminal history. However, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*.

4. In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the Court considers

the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual. *See* 18 U.S.C. § 3142(g).

5.	The Court has considered these factors, the facts in the affidavit attached to the complaint, the testimony, and the proffer concerning the defendant's attempt to travel overseas in November of 2014, and his plans to travel overseas again, this time using a forged passport, the Court finds by a preponderance of the evidence, after considering the factors set forth at Title 18, United States Code, Section 3142(g), that no condition or combination of conditions will reasonably assure the defendant's appearance at future court appearances if the defendant were released pending trial.

6.	Based on the facts in the affidavit attached to the complaint, testimony, and proffer describing Abdi Nur's recruitment for ISIL of young men from Minnesota from his current location in Syria, and based on ISIL's designation by the Secretary of State, continuously since October of 2004, as a Foreign Terrorist Organization, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any person or the community if the defendant were released pending trial.

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1.	The motion of the United States for detention pending trial is GRANTED;

2.	The defendant is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent possible, from persons awaiting or serving sentences or being held in custody pending appeal;

3.	The defendant shall be provided reasonable opportunities to consult privately with his lawyer; and

4.	Upon order of the Court or request of the United States Attorney, the person in charge of the correctional facility in which the defendant is confined shall deliver the defendant to the United States Marshal for the purpose of appearance in connection with future court proceedings.

Date: April 30, 2015				*s/ Becky R. Thorson*
						Honorable Becky R. Thorson
						United States Magistrate Judge