UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 15-CR-00049(MJD/FLN)

UNITED STATES OF AMERICA,

    Plaintiff(s)

v.

HAMZA NAJ AHMED (1),
ADNAN ABDIHAMID FARAH (3),
ABDIRAHMAN YASIN DAUD (4),
ZACHARIA YUSUF ABDURAHMAN (5),
HANAD MUSTOFE MUSSE (6),

    Defendant

## MOTION TO DISMISS INDICTMENT – FREE EXERCISE OF RELIGION

Defendants, by and through counsel, and pursuant to the First Amendment to the Constitution of the United States and the Supreme Court's opinion in <u>Holder v. Humanitarian Law Project</u>, 561 U.S. 1 (2010), and its progeny, move the Court to dismiss the Superceding Indictment in this matter on the grounds that as applied to Defendants, this indictment – charging a violation of the "personnel prong" of the material support statute, 18 USC §2339B, as defined by 18 USC §2339A(b)(1) – violates their rights to the free exercise of religion, as well as the express statutory prohibitions of §2339B(h) and (i).

  1. The First Amendment to the Constitution of the United States protects the fundamental right to the free exercise of religion. This case presents an instance where the enforcement of federal criminal law, as applied to these defendants,

directly and substantially impacts the freedom to express and exercise their religious beliefs.

2. The Superceding Indictment broadly alleges that Defendants sought to travel to Syria, and presumably to territory controlled by the Islamic State of Iraq and the Levant ("ISIL"). The territory under the control of ISIL within the internationally recognized boundaries of Iraq and Syria is claimed to constitute an Islamic Caliphate.[1]

3. The leaders of ISIL have urged that it is a religious duty for Muslims to emigrate to reside in and/or help build their self-proclaimed Caliphate.

4. Regardless of one's opinions of ISIL, the concept of immigration, otherwise known as "Hijrah," is a well founded principle of Islam. Hijrah speaks to the migration or journey of the Islamic prophet Muhammad (peace be upon him) and his followers from Mecca to Yathrib, later renamed Medina, in 622 AD.

5. The mere act of traveling to the Caliphate as proclaimed by ISIL does not satisfy the elements of the material support statute (§2339B), specifically the provision of "personnel," which expressly requires working under the direction or control of a foreign Designated Terrorist Organization ("DTO"). Further, even if the Caliphate can not be distinguished from the DTO itself – and they very well should be – the United States Supreme Court has made it clear that the material

---

[1] In simple terms, a Caliphate is "an Islamic state led by a supreme religious and political leader, and it has existed in one form or another for most of the 1,400 year history of Islam." Greg Myre, *What's A Caliphate?* June 30, 2014 (available at http://www.npr.org/sections/parallels/2014/06/30/326916530/whats-a-caliphate).

support statute "does not criminalize mere membership in a designated foreign terrorist organization." <u>Holder v. Humanitarian Law Project</u>, 561 U.S. 1, 18 (2010).

6. The Superceding Indictment in this matter fails to allege that any of the Defendants sought to provide "personnel" as that term is defined and limited by 18 USC §2339B(h) and (i) – a person, alone or with others, who "[work]s under that terrorist organization's direction or control or . . . organize[s], manage[s], supervise[s], or otherwise direct[s] the operation of that organization." 18 U.S.C. § 2339B(h). The United States, in the Government's Pre-Hearing Response to Defendant's Pretrial Motions (ECF #46, 5/13/15), specifically takes the position that 18 USC §2339B(h) and (i) do not constitute an element of the offense:

> The government is not aware of any case which has held, as the defendant incorrectly insists, that the government must specifically charge and prove that the defendant knew that when he arrived at his destination and joined a foreign terrorist organization he would "work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization."

(Government's Pre-Hearing Response, p.10).

7. The Criminal Complaint in this matter, which informs and provides the factual basis for the bare legal allegations in the Superceding Indictment, repeatedly refers only to allegations that the Defendants sought to "travel to Syria" and at times, claims that Defendants sought to "join ISIL." While the Complaint references contact with persons who allegedly have fought with ISIL, and presumably acted under the direction and control of ISIL, it does not provide

3

specific factual allegations that Defendants themselves intended to provide themselves as persons who would act under the direction and control of ISIL.

8. As applied to these Defendants, therefore, the Superceding Indictment unconstitutionally burdens the free exercise of their religion as it seeks to prosecute them based upon facts and legal theories which merely seek to criminalize travel to Syria, a territory within the self-proclaimed Caliphate, and/or to criminalize "joining ISIL," regardless of whether Defendants intended to act under the direction and control of ISIL.

9. Defendants further incorporate by reference the argument and legal authorities set forth in Defendants' Joint Motion to Dismiss Count 1-4 on Void for Vagueness Grounds (First Amendment), and seeks dismissal of the Superceding Indictment on the grounds that it is void for vagueness as applied to these Defendants and with respect to failing to provide adequate and specific notice of prohibited conduct which implicates the practice of religion. The statute reaches too far, as applied by the United States in this case, and interferes with the Defendants' free exercise of religion.

10. This motion is based on the indictment, records and files in the above-entitled action and any and all other matters which may be presented prior to or at the time of the hearing of said motion.

Date: August 7, 2015                              ___S/ BRUCE D. NESTOR_____
                                                  Bruce D. Nestor, MN #0318024
                                                  DE LEÓN & NESTOR, LLC
                                                  3547 Cedar Ave. South
                                                  Minneapolis, MN 55407
                                                  (612) 659-9019
                                                  (612) 436-3664 – Facsimile

                                                  **ATTORNEY FOR ABDIRAHMAN DAUD**


Date: August 7, 2015                              MURRAY LAW, LLC

                                                  By: _s/JaneAnne Murray_
                                                  JaneAnne Murray, #384887
                                                  The Flour Exchange Building
                                                  310 Fourth Avenue South, #5010
                                                  Minneapolis, Minnesota 55415
                                                  Telephone: (612) 339-5160
                                                  jm@mlawllc.com

                                                  **ATTORNEY FOR HAMZA
                                                  NAJ AHMED**


Date: August 7, 2015                              PAUL ENGH LAW OFFICE

                                                  By: __s/Paul C. Engh_____
                                                  Paul C. Engh, #134685
                                                  220 South Sixth Street, # 1225
                                                  Minneapolis, Minnesota 55402
                                                  Telephone: (612) 252-1100
                                                  engh4@aol.com

                                                  **ATTORNEY FOR ADNAN
                                                  ABDIHAMID FARAH**

5

Date: August 7, 2015                    FELHABER LARSON

By: __*s/Jon M. Hopeman*____
Jon M. Hopeman, #47065
Marnie E. Fearon, #305078
220 South Sixth Street, # 2200
Minneapolis, Minnesota 55402
Telephone: (612) 339-6321
Facsimile: (612) 338-0535
jhopeman@felhaber.com
mfearon@felhaber.com

**ATTORNEYS FOR ZACHARIA YUSUF ABDURAHMAN**

Dated: August 7, 2015                   GASKINS, BENNETT, BIRRELL, SCHUPP, LLP
By: __*s/Andrew S. Birrell*____
Andrew S. Birrell, #133760
Paul C. Dworak, # 391070
333 South Seventh Street, # 3000
Minneapolis, Minnesota 55402
Telephone: (612) 333-9500
Facsimile: (612) 333-9579
abirrell@gaskinsbennett.com
pdworak@gaskinsbennett.com

**ATTORNEYS FOR HANAD MUSTOFE MUSSE**

6