UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**UNITED STATES OF AMERICA**

**v.**

**GULED OMAR,**

Defendant.

**No. 0:15-CR-049 MJD**

**REPLY MEMORANDUM**

**18 USC 3582(c)(1)(A)(i)**

**Introduction**

The Government's Response recites facts from a decade ago and longer, but completely fails to mention the recent Assessment by Dr. Omi Hodwitz, an expert in terrorism cases, which shows an extremely low probability of re-offense at this point. As noted in the instant motion, *Dr. Hodwitz's Report, after a lengthy interview and substantial analysis, found that Mr. Omar was rehabilitated and was not at risk of reengagement with terrorism or recidivism*. (Exhibit "A" at 9)

The Government also argues that the recent Supreme Court cases of *Rutherford v. United States,* 2026 US LEXIS 2294 (2026) and *Fernandez v. United States,* 2026 US LEXIS 2295 (2026) preclude an argument based on a sentencing disparity between codefendants. As discussed below, neither *Rutherford* nor *Fernandez* says that, and the Eighth Circuit cases cited by the Government are completely distinguishable.

In addition, the Government claims that Mr. Omar could have pled guilty to a lesser offense prior to the superseding indictment. However, the disparity at issue herein is based on what happened *after* the superseding indictment – that Mr. Omar, as well as Mohamed Farah and Abdirahman Daud, were never offered the plea to lesser charge that the other co-defendants were

offered. As discussed in the motion, there are several recent cases where release has been granted, or sentences reduced, based on similar disparities between codefendants. See, i.e. *United States v. Whitehurst*, 2024 US Dist. LEXIS 125645 (DMD 2024) (sentence reduced based on sentencing disparity with codefendants); *United States v. Cannon* 2025 US Dist. LEXIS 15526 (MDGA 2025) (sentence reduced under 'catch-all' provision based on sentencing disparity with codefendants, age at the time of offense, and rehabilitation); *United States v. Countess,* 2026 US Dist. LEXIS 34621 (DMD 2026) (sentence reduced based on sentencing disparity with codefendants, more recent shorter sentences, young age and rehabilitation)

***Rutherford* and *Fernandez***

Neither *Rutherford* nor *Fernandez,* supra, precludes relief herein. *Rutherford* deals with whether non-retroactive changes to the law - which are not implicated here – can qualify as extraordinary and compelling reasons for a sentencing reduction, stating:

> "We *need not decide* wither there are reasons beyond personal circumstances that could qualify as 'extraordinary and compelling.' Until very recently, no one thought that nonretroactive sentencing amendments were among them. They are not." *Rutherford,* supra, at 18.

And *Fernandez* holds that challenges to a *conviction* (not a sentence) must be brought in a 2255 petition, stating, "A prisoner who collaterally attacks the *validity of his conviction* must proceed through 28 USC 2255, not 18 USC 3582." *Fernandez,* supra, at 8, emphasis supplied. Guled Omar is *not* attacking the validity of his conviction in the instant motion.

**Eighth Circuit Cases Cited in Response**

The Eighth Circuit cases cited by the Government (*United States v. Loggins,* 181 F.4th 883, 887 (8th Cir. 2026) and *United States v. Faulkner*, 2026 US App. LEXIS 27511 (8th Cir. 2026) *do not even deal with disparity between codefendants* – instead they deal with non-

retroactive changes to the law, which *Rutherford* held could not be the basis for a sentence reduction under Section 3552(c)(1)(A.) Thus they have no bearing on the instant case.

**The Direct Appeal and 2255 Herein**

Contrary to the Government's claim, the direct appeal herein did *not* deal with a claim of sentencing disparity as an extraordinary and compelling reason for compassionate release. Nor could it have. Instead, the argument was that the sentence was substantively unreasonable based on the disparity, which is a different argument made in a different context. The decision on the direct appeal stated that, essentially because there was a downward variance (to 420 months from a guidelines range of *life in prison*) the sentence wasn't substantively unreasonable.

The 2255 petition did not even raise the disparity as a claim – instead, it argued ineffective assistance of counsel for not properly advising petitioner. (See Dct. No. 962 at 11) Nor *could* the 2255 petition have made a disparity argument. A claim of sentencing disparity between a defendant and a codefendant is not cognizable under 2255 because relief can only be granted under 2255 if "(1) 'the sentence was imposed in violation of the Constitution or laws of the United States'; (2) the court lacked "jurisdiction to impose' the sentence; (3) the sentence exceeded 'the maximum authorized by law'; or (4) the sentence is "otherwise subject to collateral attack[.]' 28 U.S.C. § 2255(a). See also *Sun Bear v. United States,* 644 F.3d 700, 704-705 (8th Cir. 2011)(en banc.) An argument regarding disparity between codefendants does not fall into any of those categories.

Yet, as discussed at length in the instant motion, a disparity between codefendants *has on several occasions been held to be a basis for a sentence reduction* And again, neither *Rutherford* not *Fernandez* changes that.

**Rehabilitation/Lack of Danger**

While Respondent is correct that rehabilitation may not be the *only* reason for compassionate release, rehabilitation can and should be considered in combination with the other factors raised in the motion – the disparity and the young age. And there was *very substantial rehabilitation.* Again, while the Response refers only to facts from a decade ago or more, the motion highlights: 1) Dr. Hodwitz' Assessment showing that Mr. Omar is rehabilitated and not at risk of reengagement with terrorism or recidivism; 2) Guled Omar's own Declaration apologizing and showing that after he *actually* underwent a major transformation, *the BOP chose him as a mentor;* 3) the letter from the Chaplain at FCI Leavenworth noting his positive leadership in the Islamic community and "stellar reputation"; and 4) the other letters of support noting his transformation.

That same extensive record of rehabilitation also shows that Mr. Omar does not pose any danger to the community. And, as discussed in the motion, the 3553(a) factors support release at this time, after 11 ½ years of incarceration.

**Conclusion**

As argued in the motion, the Court should reduce the instant sentence based on the combination of the extreme disparity between the 420 month sentence herein and the sentences imposed on codefendants who were permitted to plead guilty to a lesser offense after the superseding indictment, the very extensive and compelling rehabilitation, and the other reasons discussed in the motion.

Dated: October 12, 2026

Respectfully submitted,
*S/Kathy Manley*
KATHY MANLEY
Attorney for *Guled Omar*

26 Dinmore Road
Selkirk, NY 12158
(518) 635-4005
Mkathy1296@gmail.com